IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAMELA BELL                                                                                               PLAINTIFF

V.                                         NO. 3:15CV00311-BSM-PSH

CAROLYN W. COLVIN,                                                                         DEFENDANT
Acting Commissioner,
Social Security Administration

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff Pamela Bell applied for disability benefits on August 22, 2012, alleging a disability onset date of July 1, 2010. (Tr. at 9). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 17). The Appeals Council denied Ms. Bell's request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Bell has requested judicial review.

For the reasons stated below, the Court affirms the decision of the Commissioner.

**II. The Commissioner's Decision:**

The ALJ found that Ms. Bell had not engaged in substantial gainful activity since the alleged onset date of July 1, 2010. (Tr. at 11). The ALJ found at Step Two that Ms. Bell had the

following severe impairment: bilateral carpal tunnel syndrome. *Id*. At Step Three, the ALJ determined that Ms. Bell's impairment did not meet or equal a listed impairment. (Tr. at 12). Before proceeding to Step Four, the ALJ determined that Ms. Bell had the residual functional capacity ("RFC") to perform sedentary work except for the following limitations: 1) cannot more than occasionally handle, finger, and perform reaching duties; and 2) may not perform work that requires repetitive handling, fingering, and reaching responsibilities. *Id*. Next, the ALJ found that Ms. Bell is unable to perform any past relevant work. (Tr. at 15). Evaluating testimony from the Vocational Expert ("VE"), the ALJ held that based on Ms. Bell's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. *Id*. Consequently, the ALJ found that Ms. Bell was not disabled. (Tr. at 17).

**III. Discussion:**

    A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported

an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Ms. Bell's Arguments on Appeal

Ms. Bell argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ erred by: 1) not finding that Ms. Bell's cervical radiculitis was a severe impairment; 2) failing to properly assess Ms. Bell's credibility; and 3) failing to address a conflict between the VE's testimony and the Dictionary of Occupational Titles. Reviewing the entire record, the Court finds that the ALJ's determinations were supported by substantial evidence.

The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

There is one medical record relating to Ms. Bell's cervical injury. On May 5, 2013, Ms. Bell saw Dr. Joseph Yao, M.D., at Advanced Orthopaedics of Blytheville. (Tr. at 269). Dr. Yao

reviewed a cervical spine MRI and found: 1) loss of lordosis; and 2) small annular bulges at C3-C4, C4-C5, and C5-C6 with mild central canal narrowing and no nerve compression. (Tr. at 268). The MRI was otherwise unremarkable. A nerve conduction study of the upper extremities was normal. Dr. Yao restricted Ms. Bell from heavy lifting, but no other doctor placed any restrictions on Ms. Bell with respect to her back. (Tr. at 272). The medical evidence concerning Ms. Bell's back does not persuade the Court that her injury was a severe impairment.

Ms. Bell did not pursue treatment, take medication, seek physical therapy or surgery, or otherwise address any cervical impairment. When a claimant has not treated a medical condition, the ALJ is justified in ruling out such condition as an impairment. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Ms. Bell had the burden to submit medical evidence and prove the impairment was severe. She did not meet her burden. Accordingly, the ALJ did not err in his Step Two finding.

Ms. Bell asserts she suffers from carpal tunnel syndrome bilaterally and arthritis. She presented to the consultative examiner, Dr. Donita Keown, M.D., on October 18, 2012. When examining her hands, Dr. Keown noted no atrophy or Tinel signs. (Tr. at 248). She could touch the tip of the thumb to the tip of each finger. *Id*. She could touch the tip of each finger to her palms. *Id*. She indicated she had taken medications for her condition but could not remember the names. (Tr. at 247). She did not give a history of other treatment or hospital stays for the syndrome. *Id*. Dr. Keown estimated no restrictions in sitting, standing, walking, lifting, or carrying. (Tr. at 249).

Dr. Chimere Ashley, M.D., diagnosed Ms. Bell with carpal tunnel syndrome and arthritis at an October 25, 2012 visit. (Tr. at 253). Ms. Bell reported that Gabapentin was not working

and that wearing a hand brace made the pain worse. (Tr. at 252). At a November 28, 2012 appointment, Dr. Ashley found full range of motion on her right wrist. (Tr. at 255). She prescribed Gabapentin and Mobic. *Id*.

When Ms. Bell saw Dr. Yao in January 2013, she reported constant pain with aggravating factors including overuse, gripping, writing, typing and fixing her hair. (Tr. at 260). He examined her hands and found no atrophy, deformity, palpation, warmth, swelling, or instability. (Tr. at 261). Ms. Bell reported that massage alleviated her symptoms. (Tr. at 260). Dr. Yao suggested steroid injections and referred her to a neurologist. (Tr. at 262). She did undergo steroid injections, but complained that they increased pain. (Tr. at 264). There is no record of Ms. Bell seeing a neurologist. While Dr. Yao suggested surgery if the pain persisted, Ms. Bell did not pursue that course of treatment. The objective medical evidence does not support disability to the degree alleged.

At a May 15, 2013 visit to Dr. Yao, Ms. Bell said that she needed a note saying she could not work to give to her attorney. (Tr. at 269). She then told Dr. Yao that she could not lift a gallon of milk so she could not work. *Id*. Dr. Yao wrote a note that stated she could not work dated May 6, 2013. (Tr. at 263). Certainly when a claimant's request for disability evidence precipitates a doctor's note restricting work, it is less than persuasive. Additionally, a doctor's opinion that a claimant is unable to work may be discounted because it "involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *Cypress v. Colvin*, 807 F.3d 948, 951 (8th Cir. 2015). Ms. Bell's own opinion that she could not work because she could not lift a gallon of milk is likewise afforded little weight.

Ms. Bell argues that the ALJ improperly discounted her subjective complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1) the claimant's daily activities; 2) the duration, frequency and intensity of the pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984); 20 C.F.R. § 404.1529. The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. *Id*. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *Id.* The ALJ found Ms. Bell's reports that she could not work at all less than credible, and this opinion is supported by the record as a whole.

Ms. Bell reported that she could attend to personal care, wash clothes, go outside every day, drive a car, shop in stores, pay bills, count change, use a checkbook, spend time with others, and attend church. (Tr. at 13). She also cares for four minor children, although she has trouble lifting her two-year-old. (Tr. at 15). These activities do not portray a woman who is totally disabled. *See Johnson v. Apfel*, 240 F.3d 1145, 1148-49 (8th Cir. 2001)(acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility).

Ms. Bell complained of near constant pain in her hands, which medication did not alleviate, but did not see a neurologist or pursue surgery. Dr. Yao recommended surgery, but Ms. Bell said Medicaid did not cover the surgery. (Tr. 44). In the absence of evidence showing she sought low-cost or free medical care, the ALJ appropriately discounted Ms. Bell's contention

6

that she could not afford treatment.  *See Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).

The ALJ appropriately weighed and discussed the *Polaski* factors.  While Ms. Bell asserts that medication and steroids did not alleviate symptoms, she did report that massage helped, and she did not avail herself of further treatment.  Ms. Bell's daily activities undermine her assertions of debilitating pain, and the medical evidence does not conclusively point to a totally disabling condition.  In this case, the ALJ considered Ms. Bell's daily activities as one factor in the credibility determination and gave good reasons for discounting her subjective complaints.  The credibility findings are entitled to deference because they are supported by substantial evidence in the record.  *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

For her final argument, Ms. Bell contends that the ALJ erred in finding the VE's testimony about available jobs was consistent with the DOT.  The ALJ posed the following hypothetical to the VE: assuming a woman of Ms. Bell's age, education, and work experience, would there be jobs in the state or local economy at the sedentary level with the added restrictions of no more than occasional handling and fingering, and no repetitive handling and fingering? (Tr. at 54).  The VE stated that there would be jobs as a telemarketer, information clerk, and surveillance system monitor.  *Id*.  Ms. Bell argues that the "companion volume to the DOT," the Selected Characteristics of Occupations Defined, lists telemarketer as requiring frequent fingering, and would therefore be eliminated from the RFC.  Assuming arguendo that Ms. Bell is correct and telemarketer is not an available position, her argument still fails.  There were two other job descriptions available in substantial numbers given the ALJ's hypothetical, so any error by the ALJ regarding the telemarketer position was harmless.  *See England v. Astrue*, 490 F.3d 1017, 1024 (8th Cir. 2007)(even with the additional limitations Plaintiff proposed, he

could perform jobs available in the economy.

## IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Bell was not disabled. The ALJ correctly held that cervical radiculitis was not a severe impairment, the credibility assessment was supported by the record as a whole, and the ALJ did not err in finding there were jobs available to Ms. Bell based on the VE hypothetical. The finding that Ms. Bell was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 11th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE